JOHN F. SPENCE and GEO. W. ROSS v. J. M. TAPSCOTT.

*Bond—Negotiable Instrument—Endorsement.*

1. A bond or sealed note is in its inception a deed, and although transferable as a negotiable instrument under the statute, the quality of negotiabilty does not attach to it until it is endorsed. Until endorsement, it remains to all intents a bond at common law.

2. The assignee of a promissory note or bill of exchange endorsed before maturity, takes it free from all equities and defences it may be subject to in the hands of the payee: but the assignee of a non-negotiable instrument, even before maturity, takes it subject to all equities or counter-claims existing between the original parties at the time of the assignment.

3. Bonds or sealed notes, not being negotiable until after endorsement, are on the same footing with non-negotiable instruments and bills of exchange and promissory notes transferred after maturity.

4. Where a bond payable to A. B. or bearer, was transferred for value by A. B. to the plaintiff without endorsement and before maturity ; *It was held* subject in the hands of the plaintiff to any equities and defences which existed between the original parties at the time of the transfer.

5. The only change in the law effected by §177 of The Code, is to allow the action to be brought in the name of the transferee, but it does not prevent the obligor from setting up any defence which existed at the time of, or before notice of the assignment, and which would have been available against the obligee.

(*Parker* v. *Latham*, Busb., 138 ; *Havens* v. *Potts*, 86 N. C., 31 ; *Marsh* v. *Brooks*, 11 Ired., 409 ; *Harris* v. *Burwell*, 65 N. C., 584, cited and approved).

This was a CIVIL ACTION tried on appeal from a Justice of the Peace, before *Shepherd, Judge,* and a jury, at Spring Term, 1885, of ALAMANCE Superior Court.

The action was brought by the plaintiffs as holders of the following instruments, three in number:

"GREENSBORO, N. C., Aug. 24th, 1882.

Twelve months after date I promise to pay to W. H. McDaniel & Co., or bearer, fifty dollars, value received, payable at Bank of Greensboro, at eight per cent. interest until paid.

(Signed)            J. M. TAPSCOTT, [seal]."

The other two are like this in every particular, except that one is payable in nine, and the other in ten months, for the same amount each, and same date.

It is admitted in the case, that the plaintiffs in the course of business, purchased for good consideration, in good faith, before they were due, the said notes from McDaniel & Co., who delivered them to plaintiffs, and that they had no notice of defences set up, or any other.

The defendant set out in his answer as a ground of defence, that said notes were obtained by said McDaniel & Co. by deceit and fraud, in that they represented that this defendant was to have exclusive territory to operate in, in making sale of certain bee gums, of which the defendant had the patent right for North Carolina; that the territory was designated, but had before been disposed of; other representations were set out, "all of which were false and fraudulent, and by them defendant was induced to execute said notes."

To sustain this defence, the defendant introduced evidence, and plaintiffs objected, on the ground that plaintiffs could not be affected by any equities between the original parties to the notes. The evidence was admitted by his Honor, and the plaintiffs excepted.

There was a verdict and judgment in favor of the defendant, and the plaintiffs appealed.

*Messrs. Scott & Caldwell,* for the plaintiffs.
*Messrs. Graham & Ruffin,* for the defendant.

Ashe, J. (after stating the facts). The only question presented by the record is, whether these notes with seals, payable to McDaniel & Co., or *bearer*, are negotiable and transferable by delivery merely, and without endorsement by McDaniel & Co., and are within the meaning of §177 of The Code, as negotiable promissory notes.

The contention of the plaintiffs is, that the notes are negotiable by delivery merely, and that the plaintiffs acquired the legal, as well as the equitable titles, by the delivery of them by the obligee.

The contention of the defendant is, that the notes being under seal, were bonds, or deeds, and cannot, as negotiable instruments, be payable to McDaniel & Co. or *bearer*, and that the seals which made them void at common law as negotiable instruments, make them under our statute negotiable only by the endorsement of the obligees McDaniel & Co., which was not done, and that the plaintiffs, as holders, have not the legal title, but only the equitable title, which is junior and secondary to defendant's equity.

By The Code, §41, it is provided that "actions may be brought by persons to whom promissory notes are payable, in the same manner as they might upon inland bills of exchange," and the same, as likewise all bonds, bills and notes for money, with or without seal, and expressed or not to be payable to order and for value received, may be assigned over in like manner as inland bills of exchange are by the custom of merchants in England." The effect of this statute upon sealed notes, is to make them transferable like promissory notes and inland bills of exchange, and to give the parties holding them the same actions as upon them, but it does not abolish the original distinction existing between bonds and promissory notes. A bond, in its inception, is a deed, and though it may be transferred as a negotiable instrument, the quality of negotiability does not attach to it until it is endorsed. Until then, it retains all the characteristics of a bond at common law, and its nature, in its inception, before endorsement, is not touched by the statute. *Parker* v. *Latham*, Busb. Law, 138.

When a promissory note or bill of exchange is endorsed before maturity, it passes to the endorsee free from all the equities and defences it was subject to in the hands of the payee, but a different rule applies to non-negotiable instruments. The assignee of such an instrument, who takes it *even before due*, and without notice, holds it subject to all equities or counter-claims between the original parties, existing at the time of assignment. *Havens* v. *Potts*, 86 N. C., 31. And bonds or sealed notes, not being negotiable paper until after endorsement, are on the same footing with non-negotiable instruments.

The bond in this case was made payable to McDaniel & Co. or bearer, and having been delivered to McDaniel & Co., it is a good common law bond, and the words "or bearer" must be rejected as surplusage. *Marsh* v. *Brooks*, 11 Ired., 409. If an action had been brought on this bond by the plaintiff before the adoption of The Code, he would have had to sue in the name of McDaniel & Co. to his use, and would have been subject to all the equities and defences which subsisted between the original parties at the time of the assignment or before notice of the assignment. *Harris* v. *Burwell*, 65 N. C., 584. This would seem to put sealed notes before endorsement, upon the same footing with bills of exchange and promissory notes endorsed after maturity.

But the common law rule that an action by the assignee of an instrument that is not negotiable, must be brought in the name of the assignor, has been changed by The Code, §177, so as to enable him to sue in his own name, but without prejudice to any set-off or other defence existing at the time of, or before notice of, the assignment. The section makes no change in the law, except to allow the assignee to sue in his own name instead of that of the assignor.

Our conclusion is, the evidence excepted to was admissible, and there was no error in receiving it. The judgment of the Superior Court is therefore affirmed.

No error. Affirmed.