J. D. & R. S. CHRISTIAN v. J. P. PARROTT et al.

*Note Under Seal—Negotiable Instrument—Transfer before Maturity for Value—Defences.*

1. A bond negotiable in form and indorsed for value and without notice before maturity is to be regarded, so far as its negotiability is concerned and its liability to be governed by the commercial law applicable to promissory notes, as if it were a promissory note not under seal.

2. The obligor in such a bond cannot set up the defence that prior to its transfer the payee agreed to release him from liability thereon.

This was an APPEAL from a Justice of the Peace, tried before *Brown, J.*, and a jury, at July Term, 1893, of GRANVILLE Superior Court.

The plaintiffs sued on the following bond:

"$225. On November 1, 1892, we or either of us promise to pay to R. H. McGuire or order the sum of two hundred and twenty-five dollars, with interest after maturity at eight per cent. per annum. Value received. Witness our hands and seals this 21st day of May, 1892.

"J. P. PARROTT, [Seal].
"S. A. FLEMING, [Seal]."

Upon which bond were these indorsements: " Pay to order of J. D. & R. S. Christian," "August 16, 1892"; "R. H. McGuire," "February 20, 1893, by cash on the within bond, forty dollars ($40)."

The defendants admitted the execution of the bond, and also the assignment and indorsements thereon.

S. A. Fleming, one of the defendants, testified: "About two weeks, not over three weeks, after I gave the bond to R. H. McGuire I had a conversation with him. He said he had been thinking about my signing this note, sued on, for Parrott as surety for Parrott; that it was more of a favor than he ought to wish or ask of me to assume the responsibility of this debt; and that if I would make Jim and Will Parrott come down and give him a mortgage that he would make them pay it and would relieve me of the trouble of collecting the note and collect it himself. I sent the Parrott boys down and they executed a mortgage upon their crop." (Defendants then introduced mortgage from J. P. and W. P. Parrott to R. H. McGuire on their crop, dated July 8, 1892). "I signed the note sued on in pursuance of an agreement between R. H. McGuire, J. P.

Parrott and myself that Parrott was to give me a mortgage on the crop to indemnify me for signing the note. This was crop of 1892, upon which the Parrotts gave McGuire the mortgage securing the debt. When I went home I told Parrott what McGuire had said. At time note was executed McGuire asked me if I would sign the note if the Parrott boys would give me a mortgage on the crop. I agreed to this."

Upon re-examination of defendant Fleming he states that, in the conversation with McGuire above referred to, McGuire said, "If you will get the Parrott boys to give a mortgage on the crop and make it to me I will release you from the note," and that witnesss Fleming did so; all of which happened after the date of the note and prior to August 16, 1892.

R. H. McGuire, witness for defendants, testified : " The note sued on was executed to me by the defendants. I did not agree to release Fleming from liability on the note;. I did agree to relieve him of the trouble of collecting it if the Parrott boys would execute ,the mortgage to me. I assigned and indorsed the bond for value to the plaintiffs August 16, 1892. The plaintiffs had no notice of what had taken place between defendant Fleming and me. I did not give Fleming any notice of the assignment of the bond to the plaintiffs. I was indebted to the plaintiffs, and transferred this bond to them on account thereof. I am still indebted to the plaintiffs."

The issues submitted by his Honor to the jury and the responses were as follows :

"Are the defendants indebted to the plaintiffs as alleged, and if so, in what sum? Answer, $197, with eight per cent. interest on $190 from July 24, 1893.

"Was the note sued on indorsed for value to the plaintiffs by the payee before due? Answer, Yes, on August 16, 1892.

"Did the payee, McGuire, after the execution of note and prior to said transfer of said note to plaintiffs, agree to release defendant Fleming as alleged by Fleming? Answer, Yes.

"Did plaintiffs have notice of such agreement? Answer, No."

His Honor then charged the jury that if they believed the evidence the plaintiffs were entitled to recover. The defendant Fleming excepted, and insisted that the bond sued on was not a negotiable instrument, and that plaintiffs took it with all the equities existing between McGuire and defendant Fleming at time of indorsement and transfer. Defendant further insisted that the transaction testified to occurred after the execution of the bond and prior to the assignment and indorsement, and that although the bond was indorsed for value and before maturity, yet the plaintiff, the endorsee, took it subject to all equities arising between the execution of the bond and the date of the indorsement, whether plaintiff knew them or not. The jury, by instruction of the Court, found the issues as set out. There was judgment for the plaintiffs, and defendants appealed.

*Messrs. Batchelor & Devereux,* for plaintiffs.
*Mr. A. W. Graham,* for defendants (appellants).

SHEPHERD, C. J.: We have examined the authorities cited by the defendants' counsel and are unable to see anything in them which is sufficient to induce us to overrule the well-established principles of this Court as applicable to the case presented in the record.

The bond sued upon is in form negotiable, and was indorsed for value and without notice to the plaintiff before maturity. Such a bond when *indorsed* "is to be regarded,

so far as its negotiability is concerned and its liability to be governed by the commercial law applicable to promissory notes, as if it were a promissory note not under seal." *Miller* v. *Tharell*, 75 N. C., 148 ; *Spence* v. *Tapscott*, 93 N. C., 246. The principle was applied in *Lewis* v. *Long*, 102 N. C., 206, in which it was decided that an obligor on a bond of this character could not, as against an indorsee for value, before maturity and without notice, set up the defence that he executed the same as a surety only.

In the above cases the subject is fully discussed, and the conclusion reached is that such bonds when so indorsed have all of the immunities peculiar to commercial paper. It is proper to say that the counsel for the appellants did not very seriously insist in this Court that the ruling of his Honor, excluding the defences set up by the defendants, was erroneous.                                        Affirmed.