Ruffin, Judge,
 

 after stating the case, proceeded as follows:
 

 I suppose the present action is brought for the benefit of the surety
 
 Hooks,
 
 to avoid the effect of the statiite of limitations, or a disbursement of the assets subsequent to the judgment of the bank against
 
 Green,
 
 which might prevent an effectual recovery in a suit in
 
 Hooks’
 
 own name.
 

 But in the case stated, I think the present action yqually ineffectual. Since the statute of 4th
 
 Jinn,
 
 payment discharges a judgment, as effectually as entering satisfaction of record. Here there was full payment. It was inten ded as such by
 
 Hooks,
 
 and so received by the creditor. A payment by any one of two or more, jointly, or jointly and .severally bound for the same debt, is payment by all; and any of the parties may take advantage of it and plead it to an action brought by a satisfied creditor, or in his name by the sureties. It is true, that if a payment be not intended, but a purchase, there is a difference. But that can only be by a stranger, or by using the name of a stranger, to whom an assignment can bo made when there is but a single security, and that, one upon which all the parties are jointly liable. This is upon the score of intention, and because the plea of payment by a stranger is bad upon demurrer. If the assignment of a joint security be taken by the surety himself, there is an extinguishment, notwithstanding the intention ; because an assignment to one, of his own debt, is an absurdity. Where the securities are separate, as several bonds, or a several judgment upon a joint and several note, which is the case here, probably an assignment
 
 *382
 
 may be made to the surety himself, since he is nd. party to the judgment. But if that can he, clearly nothing hut a plain intention, evinced by an assignment, to keep up the judgment, can have that effect. Upon the face of the transaction, it is a payment, on which
 
 I£'oks
 
 could have maintained assumpsit in his own name. That shews that this suit is barred ; for if it he not, the original creditor, and the surety, may both recover the same debt.
 

 The case of
 
 Hodges
 
 v.
 
 Jh-m-
 
 253”)"approved!
 

 This case is just the reverse of
 
 Hodges
 
 v.
 
 Armstrong, (ante
 
 253.) That suit was brought in the name of the surety> wh° I'ad taken an assignment to a stranger, and did not intend a satisfaction. This, in the name of the first creditor, who has received payment, and did intend a satisfaction. Both decisions are on clear grounds, and are supported by numerous authorities ; amongst them, I recollect
 
 Church
 
 v.
 
 Bishop,
 
 (2
 
 Ves.
 
 371,) and
 
 Wattington
 
 v.
 
 Sparks. (Id.
 
 569.)
 

 Per Curiam — Judgment aeeirmed.