Manly, J.
 

 The right of a surety to keep alive a j udgment,. which he has paid, by having an assignment made to a stranger, for his'benefit, is unquestionable. "When he advances the money, he has a clear equity (if he desire it) to be subrogated to the rights of the creditor, and to use the creditor’s judgment for the purpose of coercing payment against the principal.
 

 Whether money advanced, in sneh way, be an extinguishment, or a purchase, seems to be a question of intention. If it be paid, and nothing be said or done to show a contrary intendment, an extinguishment will be presumed; but if an assignment be made to one, not a party, so as to show a purpose to keep it alive, it is sufficient. That a party defendant furnishes the money, and that the assignment is made on a day, subsequent to. the advancement of the money, can make no difference, provided it was intended, at the time it was advanced, as a purchase and not as a payment.
 

 The money furnished to- pay the judgment was from a surety, but it is affirmed as a fact by the verdict of the jury, that it was not intended to extinguish the judgment, but to purchase it. There was no release or satisfaction entered of record, or otherwise declared, but an assignment to an indifferent person, for the use of the purchaser.
 

 There is no authority or reason against the revival of the judgment upon tlris'state of facts. The instruction of the Judge below, based upon it, is entirely correct, and the judgment is, therefore, affirmed. See
 
 Hodges
 
 v.
 
 Armstrong, 3
 
 Dev. Rep. 253 ;
 
 Hanner
 
 v.
 
 Douglass, 4
 
 Jones’ Eq. 262.
 

 Per Curiam,
 

 Judgment affirmed.