SUSAN MEBANE, Guardian, to use of C. S. HARRIS and his wife, E. S. HARRIS *vs.* C. P. MEBANE, *et al.*

1. Where a note was given, and made payable to A as guardian, and it was afterwards, in settlement, delivered to the husband of the ward without endorsement; *Held*, that a suit upon said note was properly brought in the name of the guardian to use of the husband and his wife.

2. A trustee may sue in his own name, or he may join his *cestui que trust*; and the trust between guardian and ward, may be kept alive a.ter a settlement, if they so choose, without a purpose. *Rankin* v. *Allison*, 64 N. C. 673. *Biggs* v. *Williams*, at this term.

This was a civil action tried before Logan, Judge, at Fall Term, 1871, of Cabarrus Court.

The plaintiff declared upon a promissory note given by the defendants and made payable to "Susan Mebane, guardian of E. S. Mebane." The said note was delivered to the said E. S. Mebane and her husband, upon their marriage, in settlement of the guardian account and without endorsement.

Suit was brought in the name of the guardian, to the use of the owners of said note—the husband and wife.

Defendants demurred upon the ground that the suit should have been brought in the name of the parties really interested and that the guardian was improperly joined.

The Court overruled the demurrer and gave judgment, from which defendants appealed.

*J. H. Wilson* for plaintiffs.
*Vance & Dowd* for defendants.

RODMAN, J. This action is brought on a note made by the defendants, payable to the plaintiff, "Susan Mebane guardian of E. S. Mebane." The infant afterwards married Harris, and the guardian delivered the note to the husband and his wife as a part of her estate, but never transferred the legal title by endorsement. The defendants demur on the ground that the action should have been brought in the name of Harris and his wife as plaintiffs instead of in the name of the guardian.

The *C. C. P.*, sec. 55. says: "Every action must be prosecuted in the name of the real party in interest except as otherwise provided in sec. 57."

SEC. 57 says, "A trustee of an express trust  *  *  *  may sue without joining with him the person for whose benefit the action is presented." And, "A trustee of an express trust within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another." Certainly a guardian who takes a note payable to himself and describing himself as guardian, is trustee of an express trust within the very words of this section.

He may sue alone without naming a *cestui que trust*, or he may join them with him as was done here. The defendants cannot be injured by this, because if the *cestuis que trust* are made parties as such, as they are here, he may plead any defense which would be good against them ; and if they be not he can by an answer averring their equitable interests, set up such defense, and the Court may require them to be made

parties. *Rankin* v. *Allison*, 64 N. C. 673. *Biggs* v. *Williams* decided at this term.

But it is said that here the trust had ceased by the delivery of the note to the ward as her property upon a full settlement of the guardian with her. We do not think that this altered the matter. If the guardian had endorsed the note to the ward, that would have ended the trust; but there was nothing unlawful in keeping the trust alive; the parties might do so if they chose, for any or without any purpose, and. that the legal estate was not transferred by an endorsement, shows that they did choose to keep it in the trustee.

The judgment below is affirmed.

PER CURIAM.                    Judgment affirmed.