JAMES M. HOWELL *v.* DAVID C. REAMS, Adm'r. of JOHN P. REAMS, deceased.

A co-surety, who pays the bond debt for which the other surety is equally bound, shall be deemed a bond creditor, in the administration of the estate of the deceased co-surety.

When a plaintiff, a co-surety, discharged the bond debt, for the payment of which the defendant's intestate was equally bound, he becomes a bond creditor as to the assets of the intestate; and when pending an action for contribution, the administrator paid off the bonds voluntarily, of equal dignity with said surety debt, having previously paid an open account, he committed a *devastavit* to the extent of the plaintiff's claim for contribution, such claim being for a sum smaller than the bonds so preferred and the open account.

(*Hall* v. *Gully*, 4 Ired. 345; *Drake*, Adm'r. v. *Coltraine*, Adm'r., Busb. 300, cited and approved.)

This was a CIVIL ACTION, for contribution by one co-surety against the administrator of another co-surety, tried upon exceptions to the report of a referee, by his Honor, Judge *Watts*, at the Fall Term, 1874, of GRANVILLE Superior Court.

This suit was commenced by the plaintiff in 1868; at Fall Term, 1872, it was referred; and at the ensuing Spring Term, 1873, the report of the referee was filed, to which the plaintiff filed numerous exceptions. Upon the hearing, his Honor overruled the exceptions and gave judgment for the defendant. From this judgment, the plaintiff appealed.

All the facts pertinent to the points decided, together with the exceptions noticed, are fully set out in the opinion of the Court.

*Edwards* and *Batchelor*, for appellant.
No counsel *contra* in this Court.

BYNUM, J. In the year 1860, James Howell and John Reams, became the sureties of William Reams, on a bond payable to Thomas Raney, which bond was afterwards assigned

to one Harris. John Reams, the principal obliger, died in 1866, and in the same year letters of administration upon his estate, were granted to David Reams, the defendant. In 1867, an action was brought upon the bond and judgment was recovered against William Reams, the principal, and Howell one of the sureties, a *nol. pros.* having been entered as to the administrator of the other surety.

William Reams the principal in the bond and judgment, was then and still is, insolvent, and Howell the surety paid the judgment, and after demand made in 1868, instituted this action against the administrator of the co-surety, for contribution.

Prior to the beginning of this action, the said administrator paid open accounts against his intestate to the amount of $168 ; and pending this action, he paid a bond debt of $725 to J. M. Reams, and another of $625 to N. A. Reams. A reference was had to take an account of the administration of the defendant, and the foregoing facts appear from the report of the referee, and are not controverted by the defendant. Many exceptions to the report were taken by the plaintiff, but in our view of the case, it is only necessary to notice the 6th, 7th and 13th exceptions, which embrace, respectively, the payment of the open account and the two bonds before mentioned. The administration was prior to 1869, and is governed by the pre-existing law. It is clear, therefore, that the administrator committed a *devastavit* in paying the open accounts in preference to the bond debts, when the assets were insufficient to pay both classes of debts, provided the claim sued for in this action, has the dignity of a bond debt in the administration of the assets of the estate. It is equally clear that pending this action, the administrator defendant, had no right to make a voluntary payment of the two bonds, if the claim sued for is of equal dignity with the bonds. *Hall* v. *Gully*, 4 Ired. 345.

It is provided by the statute of 1828, sec. 4, ch. 110, Bat. Rev. "that when a surety, or his representative shall pay the debt of his deceased principal, the claim thus accruing shall

have such priority in the administration of the assets of the principal, as had the debt before its payment." In construing this statute, it was held by the Court to fall equally within its words and the evil which it was intended to remedy, whether the payment be made before or after the death of the principal. *Drake, Adm'r.* v. *Coltraine, adm'r.* 1 Busb. 300. So it is but a legitimate application of that construction of the statute, to hold as we do in this case, that the co-surety who pays the bond debt for which the other is equally bound, shall be deemed a bond creditor, in the administration of the estate of the deceased co-surety. The same bond which makes them the bond debtors of the obligee, by force of the statute, binds them mutually to contribution. In carrying out the beneficial purposes of the statute, there can be no reason why they should not occupy the same relation to each other, that they do to the principal, instead of becoming by the same act of payment, the bond creditors of the principal, and only the simple contract creditors of each other.

When the plaintiff discharged the bond debt for the payment of which he was jointly bound with the defendants' intestate, he became a bond creditor as to his assets ; and when pending this action for contribution, the defendant paid off these two bonds, voluntarily, he committed a *devastavit* to the extent of the plaintiff's claim of contribution, as the claim is for a smaller sum than the bonds so preferred and the open account. The 6th, 7th and 13th exceptions of the plaintiff should have been allowed, and as their allowance will cover the amount sued for, it is unnecessary to notice the other exceptions.

It is referred to the Clerk of this Court to reform the report in accordance with this opinion, and judgment will be entered in favor of the plaintiff. Error.

PER CURIAM.                     Judgment reversed.