MARY W. HAVENS v. WILLIAM A. POTTS.

*Notes and Bonds—Negotiable Instruments.*

The assignee of non-negotiable paper succeeds only to the rights of the assignor, and is affected by all the defences against him at the date of the assignment or before notice thereof.

(*Knight* v. *R. R. Co.*, 1 Jones, 357; *Moody* v. *Sitton*, 2 Ired. Eq., 382; *Bank* v. *Bynum*, 84 N. C., 24; *Harris* v. *Burwell*, 65 N. C., 584, cited and approved.)

CIVIL ACTION tried at Spring Term, 1881, of BEAUFORT Superior Court, before *Gilmer, J.*

The plaintiff declares as the endorsee of the fol lowing bond : "On the first day of January, 1862, we or either of us promise to pay George A. Latham or order the sum of one hundred and fifty dollars for the hire of negro man John, and we further agree to furnish said negro with all the usual

summer and winter clothing and to pay his town tax. (Signed and sealed the 4th day of January, 1861, by William A. Potts and Joseph Potts.") The bond was indorsed, "Pay to the order of Mary W. Havens." (Signed by George A. Latham.)

The execution of the bond and its endorsement to plaintiff were not denied, but the defendant relied upon the plea of "set-off."

In support of the plea the defendant alleged, and the jury so found, that in 1859, George A. Latham, the payee of the bond sued on, executed his note, to one Blount for $175, which was indorsed by said Blount to Joseph Potts in 1860, and by him indorsed to the defendant before the commencement of this action, and before any notice to him of the assignment to the plaintiff of the bond sued on. Upon these facts, the same being either admitted or found by the jury, the court gave judgment for the defendant, from which the plaintiff appealed.

No counsel for plaintiff.
Messrs. *J. E. Shepherd* and *G. H. Brown* for defendant.

RUFFIN, J. We think the judgment clearly right. The bond sued on, not being for money only, is unnegotiable. *Knight* v. *Railroad Company*, 1 Jones, 357.

One who takes by assignment an unnegotiable instrument succeeds only to the rights of his assignor, and is affected by all the defences against him, which subsisted at the date of the assignment, or may have accrued *before notice thereof* to the maker. *Moody* v. *Sitton*, 2 Ired. Eq., 382 ; *Bank* v. *Bynum*, 84 N. C., 24, and C. C. P., §55.

The language of this section of the Code is so broad, says Chief Justice PEARSON—evidently in great dissatisfaction with its provisions—that a note several times assigned after it is due (and an unnegotiable one stands on the same foot-

ing exactly) will be subject to any set off, or other defence, that the maker had against any one or all of the assignees, at the date of the assignment, or before notice thereof. *Harris* v. *Burwell*, 65 N. C., 584.

No error.                                                    Affirmed.