R. W. TIDDY and WM. TIDDY v. H. W. HARRIS and R. H. HARRIS.

*Nonsuit—Issues—Appeal—Principal and Surety—Payment.*

1. Where, at the close of the testimony, the Judge stated that he should charge the jury that, if they believed the evidence, the defendant had established his defence: *Held*, that the plaintiff might submit to a nonsuit and have the questions of law raised by the testimony reviewed on appeal.

2. It is again intimated that this Court will not entertain an appeal where the transcript of the record fails to show that issues were proposed and submitted as required by *The Code*.

3. When a debtor pays money to his creditor, in the absence of anything to the contrary appearing, the presumption is that it was a payment on the existing debt; and so if the payment is made by the delivery of a check, which is afterwards converted into cash.

4. If a surety desires to preserve for his benefit an existing security for the debt which he is called upon to discharge, the debt and security must be assigned to a trustee, otherwise the payment will be in satisfaction.

CIVIL ACTION, tried before *Boykin, J.*, at Spring Term, 1888, of MECKLENBURG Superior Court.

This action, commenced on July 10th, 1885, by the service of a summons on H. W. Harris and R. H. Harris—as to the last named of whom a *nolle prosequi.* was entered before the trial—is prosecuted to recover a balance alleged to be due for goods, wares and merchandise sold and delivered, the items whereof are set out in an exhibit annexed to the complaint.   The complaint was met by a demurrer, and this being overruled, the defendants put in separate answers in each of which respondents deny their liability to the plaintiffs, and aver that the debt demanded has been paid.

The only witness who testified in behalf of the plaintiffs was R. N. Tiddy, one of the plaintiffs, whose testimony tended to show that the plaintiffs, Tiddy & Bro., had sold

merchandise to A. M. Waddell and the defendant H. W. Harris, as set out in the complaint, and the defendant and A. M. Waddell were indebted to plaintiffs, as set forth therein.

The defendant, seeking to establish his plea of payment, introduced as a witness one H. A. Deal, who testified, on his direct examination, that he asked R. N. Tiddy, in the fall of 1883, if the debt sued on had been paid, and he said it had; he didn't say how it was paid, nor by whom. On his cross-examination, the witness said : "This was in September, 1883, in Tiddy's office. H. W. Harris said he had not paid it. Waddell and I had had a conversation, and he said this debt was paid." And on his re-direct examination the witness said : "I saw Col. Waddell at Warm Springs; he said to me he had retired from the newspaper; that he was a public man and could not afford to leave an unpaid debt."

The defendant testified : "I went to Mr. Tiddy's office in June, 1884, and said : 'I understand, Mr. Tiddy, that all that debt has been paid.' He replied : 'You know how that is,' and went on to talk about his not being a free agent. I told him I didn't know; that I had been informed it had been paid. He did not deny it." And on his cross-examination this witness stated that H. A. Deal had told him that this debt was paid.

This was all the testimony introduced by the defendant to establish his plea of payment.

The plaintiffs replied thereto by recalling R. N. Tiddy, who said : "I said to Deal that the debt had been paid, because I wanted Col. Waddell's interest in the contract. I told one W. C. Morgan to give Waddell his check for $1,000, and I would cover it. I gave him my check. Morgan gave Waddell his check and Waddell gave it to me and I got his interest. I have not received any money.from any party on this account." And on his cross-examination, he said: "I

put the Waddell check in bank to our credit. I credited part to the book-store account and part to the paper-mill account in settlement of these claims. I will not say I did not tell Deal the debt was paid. We got credit in bank on Waddell's check. I charged the debt up again when I signed my check. I marked the claim satisfied in order that I might get Waddell's interest."

There was no other evidence relating to the payment of the debt, except what is above stated.

After close of the testimony and during the argument of counsel, his Honor stated to the counsel that he should charge the jury that if they believed the testimony, the defendant had established his plea of payment, and the jury should find that issue in his favor, and thereupon the plaintiffs asked to be allowed to enter a nonsuit, which request was granted, and judgment of nonsuit accordingly entered, and the plaintiffs appealed.

*Mr. C. W. Tillett,* for the plaintiffs.
*Messrs. Burwell & Walker* (filed a brief), for the defendants.

SMITH, C. J. (after stating the case.) There are no issues shown in the record to have been submitted to the jury as required by *The Code,* the neglect to draw up which, so as to give meaning to the verdict, would induce us, after such repeated warning given and disregarded, to refuse to entertain the appeal and remand the case, but that the verdict was dispensed with and the case never reached the jury.

The defendants' counsel insists that the appeal should be dismissed, because the nonsuit was needlessly suffered when the cause ought to have proceeded to its termination. But the practice has long prevailed, that when the proofs are all in and the Judge intimates an opinion that, under the old practice the plaintiff *cannot recover,* or under the new fails to establish the issues necessary to his having judgment, he

may suffer a nonsuit, and, by appeal, have the correctness of the ruling reviewed. We see no reason why this course may not be taken when the Judge announces, as in this case he substantially does, that if the jury believe the facts to be as deposed to by the witnesses, he will instruct them to find the issue as to the payment in favor of the defendant.

In a late case—*Davis* v. *Ely*, 100 N. C., 283—the Court did not wait until the evidence was concluded, but in denying the motion to dismiss the action, added, that the plaintiff, if he proved his averments, could not have the specific relief asked—the contract reformed, and, as reformed, specifically enforced—but he would be entitled, upon the facts set out in the complaint, if proved, to a judgment rescinding the contract. Thereupon, the nonsuit was suffered.

This course of procedure did not meet our approval, for the reason that the opinion was purely hypothetical and contingent, open to a retraction when the opportune time arrived for an authoritative ruling; and, moreover, the verdict might dispose of the case if rendered against the plaintiff upon the evidence. We took occasion then to say what we now repeat, that a convenient practice is, to reserve a ruling upon the motion to nonsuit, with consent of parties, " and let the case proceed to verdict, so that if it was against the plaintiff, the reserved point would be put out of the way, and if for him, the ruling upon it adverse to the defendant, when erroneous, could be corrected, and, in either case, the cause terminated." *Kirby* v. *Mills*, 78 N. C., 124.

The rule will operate quite as favorably in cases like the present.

Upon the point, however, brought up by the plaintiff's appeal, we concur in the ruling indicated by the Judge. He does not say that admissions of payment are not open to disproof as when merely such they are, but evidence of payment to be considered and passed on by the jury, but he means to say that when Waddell, the debtor, gave the check,

drawn in his favor by Morgan to the plaintiff R. N Tiddy, who deposited it to his credit as stated, the transaction, nothing to the contrary appearing, must be understood to have been intended to be, and to be, a payment. The fact that Morgan gave the check under Tiddy's promise to cover does not change the nature and effect of the act as between him and Waddell, whose interest was thereby acquired by the former. That the act of delivering the check and its conversion into a money credit by the deposit are in legal effect a payment, is sustained in principle by *Brisendine* v. *Martin,* 1 Ired., 286, and *Hall* v. *Whitaker,* 7 Ired., 353, and other cases. The appellees' contention, which aims to give to the transaction the effect of an assignment instead of payment, so as to preserve the remedy against the other debtor, finds no support in the facts.

To prevent a satisfaction when a surety pays the money to the creditor to preserve the security for the benefit of the surety so paying, it must be assigned to a trustee, and in no other way can it be kept alive. *Hodges* v. *Armstrong,* 3 Dev., 253; *Briley* v. *Sugg,* 1 D. &. B. Eq., 366. Nor when intended as a payment can it fail to have such effect because less than the sum demanded, when accepted as such, under the act of 1874 and 1875. *The Code,* § 574.

There is no error, and the judgment is affirmed.

Affirmed.