STATE ex rel. LAURA M. RICE v. B. H. HEARN et al.

*Principal and Surety—Assignee—Judgment—Payment—*
*Trustee.*

1. The assignee of a judgment takes it subject to all the equities between the parties thereto, whether he had notice of them or not.

2. A security who pays the amount recovered against him and his principal, or co-sureties, may have the judgment assigned to another in trust for his use, and it will continue in force for his benefit; and he may, upon motion in the cause, have satisfaction of the judgment entered, even against the consent of the assignee.

This was a MOTION, heard before *Whitaker, J.,* at March Term, 1891, of the Superior Court of PITT County.

The motion was made in behalf of William Whitehead, a defendant in a judgment rendered at June Term, 1886, of Pitt Superior Court, for the sum of $232.62, with interest from November 1, 1881, and for costs in the action above entitled.

The Court found the following facts:

1. That at June Term, 1886, the plaintiffs recovered judgment against the defendants on the official bond of Henry Sheppard, former Clerk of the Superior Court of Pitt County, for two hundred and thirty-two dollars and sixty-two cents, with interest from November 1, 1881, which judgment was duly docketed in said county.

2. That upon the second day of January, 1889, the defendants, William Whitehead and W. M. King, paid the said judgment in full, including the costs, King paying fifty dollars and Whitehead the balance.

3. That in order to more easily obtain contributions from their co-sureties, the principal being insolvent, and for no other purpose, the said Whitehead caused the said judgment to be transferred, on the second day of January, 1889, on the

docket to S. A. Reddin, who was the nephew of the said Whitehead and was then insolvent; that he paid no money for the transfer of said judgment. or any other valuable consideration, and that he held said judgment as the trustee of and for the benefit of said Whitehead and King, though it does not so appear from the transfer itself.

4. That on the eleventh day of March, 1891, the said Reddin transferred and assigned, on the docket, the judgment to Oscar Hooker, and that the transfer purported to be for value.

\*        \*        \*        \*        \*        \*        \*        \*

Upon the facts so found, it is considered and adjudged by the Court that the said judgment has been fully paid and satisfied, and it is ordered that satisfaction thereof be entered of record, and the Clerk of this Court is directed to write upon the judgment docket, after the record of said judgment, the words, "Satisfied and paid in full." From which Hooker appealed to this Court.

*Mr. T. F. Davidson (Messrs. Jarvis & Blow* filed a brief), for appellee.

*Mr. C. M. Bernard,* for appellant.

MERRIMON, C. J.: The assignment of the judgment to Reddin for the use and benefit of the appellees was a legitimate transaction, and the latter could compel him to a due observance of their equitable rights. It is very clear, as the authorities cited by the appellees' counsel abundantly show, that the appellant purchased the judgment subject to their rights and equities. *Jordan* v. *Black,* 2 Murphy, 30; *Moody* v. *Sitton,* 2 Ired. Eq., 382; *Bank* v. *Bynum,* 84 N. C. 24; *Havens* v. *Potts,* 86 N. C., 31; Freeman on Judgments, § 427; Black on Judgments, §§ 953, 956.  See *Sherwood* v. *Collier,* 3 Dev., 380; *Ferebee* v. *Doxey,* 6 Ired., 446; *Barringer* v. *Boyden,* 7 Jones, 187.

The appellees did not discharge the judgment by the deposit of money they made; it continued in force for their benefit. There was, however, no valid reason why they might not ask the Court to declare and treat it as satisfied and discharged, and this might be done by motion, certainly in the absence of objection as to the course of procedure.

Judgment affirmed.