R. B. PEEBLES, Trustee, v. B. S. GAY, Executor.

*Principal and Surety—Subrogation—Assignment of Judgment for Benefit of One Surety.*

1. A surety paying the debt of his *principal* is entitled to be subrogated to all the rights of the creditor, against a co-surety as well as against the principal, and this includes the right to have a judgment, which he has paid, assigned to a trustee for his benefit, so as to compel his co-surety to pay his *pro rata* part.

2. If a surety pays a judgment and has it entered " satisfied," without having it assigned to a trustee for his benefit, the remedy of subrogation is lost.

3. Where a surety who paid and had satisfaction entered as to one-half of a judgment against himself, his principal and a co-surety, and procured the judgment as to the other half to be assigned to a trustee for his benefit, it was, in effect, the same as if he had procured the whole judgment to be so assigned.

This was AN ACTION tried at December Special Term, 1893, of NORTHAMPTON Superior Court, before *Whitaker, J.* A jury trial was waived, and the following issues were submitted to his Honor:

" 1. Is the defendant J. M. Grant, as trustee for William Grant, entitled to the fund in controversy ?

" 2. Is the defendant W. C. Hardy entitled to the fund in controversy ? "

The plaintiff was trustee in two deeds of trust made to him by A. Capehart; the one to secure a debt of $8,000, due

M. C. Cameron, was registered September 12, 1881; the other, to secure a debt of about $18,000 due Hardy Bros., was registered May 30, 1889.

A judgment was docketed in said county April 4, 1887, in favor of W. E. Spivey, trustee, against William Grant and A. Capehart for $3,000, to be discharged upon payment of $940.41, with interest and costs. William Grant and A. Capehart were co-sureties on a bond given by A. Grant and J. M. Grant, and the aforesaid judgment was rendered against them on said account. Alias execution issued on said judgment, and the following return was made thereon by the Sheriff: "Satisfied in full, January 24, 1888."

On the judgment docket were the following entries: "One-half of the principal, interest and costs of this execution has been paid and settled by William Grant, and to that extent is satisfied. W. E. Spivey, trustee, by R. B. Peebles, his attorney, this January 23, 1888."

"This January 24, 1888, for value received of J. M. Grant, I hereby sell, transfer and assign to said J. M. Grant, in trust for the use and benefit of William Grant his father, the balance due on the judgment mentioned within (it being one-half thereof) without recourse on me. W. E. Spivey, trustee, by R. B. Peebles, attorney."

J. M. Grant, trustee of William Grant, claimed out of the fund arising from the sale by the trustee, the sum of $____ as still due upon the Spivey judgment. Defendant Hardy contended that the said judgment had been fully satisfied, and that he was entitled to all of the balance in the hands of the trustee after the satisfaction of the Cameron debt and expenses. The plaintiff brought this action to settle the rights of the parties, retaining in his hands a sufficient sum to pay the Spivey judgment should he be so directed. All further contentions are stated in the opinion.

*Messrs. W. W. Peebles & Son*, for defendants B. S. Gay, executor, and W. C. Hardy.

*Messrs. R. B. Peebles, W. H. Day* and *T. W. Mason*, for defendants J. M. Grant, trustee, and William Grant.

No counsel for plaintiff.

MACRAE, J.: On objection of defendants' counsel that the statement of the case on appeal was not properly in this Court, it not having been sent up with the transcript of the record, affidavit was made by plaintiff's counsel and a *certiorari* issued, and the same treated as served and return made thereto, it being admitted that the case properly certified was now on file.

There is no merit in the objection of defendant that the exception to instructions given by the Court, of itself, is too general and therefore ought not to be considered. It will be seen that there was but one question in the case, and that is fully presented in the second instruction of his Honor: "That if the jury believed that William Grant, one of the sureties, paid with his own money to Spivey, the plaintiff, with the understanding and agreement that Spivey should satisfy the judgment as to one-half and transfer it as to the balance to J. M. Grant, as trustee for the use and benefit of William Grant, with a view to keep the judgment alive as to one-half, and that Spivey did thus transfer it, still the jury should answer the first issue No, and the second issue Yes, for the reason that in the opinion of the Court one surety could not thus keep alive half of a judgment as to his co-surety."

Upon general principles of equity a surety, paying the debt of his *principal*, was entitled to be substituted to all the rights of the creditor in the premises, as to collaterals, and could enforce the same in a Court of Equity. This is the doctrine of subrogation, and in it is included the right of the surety, on payment of the judgment, to have an assignment of the same to a trustee for his benefit. Indeed, it was

early laid down by our Court that the only way for a surety
to preserve the lien of the judgment against his principal in
his own favor was, upon payment by him of the same, to
have the judgment assigned to a trustee for his use.   If he
permitted the judgment to be satisfied without any assign-
ment, the remedy of subrogation was lost.   *Hodges* v. *Arm-
strong*, 3 Dev., 253; *Sherwood* v. *Collier, ibid.,* 380; *Tiddy* v.
*Hawkins,* 101 N. C., 589; *Liles* v. *Rogers,* 113 N. C., at page
200.   The Act of 1777, section 2093 of *The Code*, provided
him a summary method at law of obtaining judgment
against his principal for the amount paid as his surety, but
his equitable remedy still subsisted.   *Calvert* v. *Peebles,* 82
N. C., 334.   In some jurisdictions these equitable rights are
administered without an actual assignment.   2 Brandt on
Suretyship, 309.   Upon the same principle of equity and
natural justice the right of one surety to compel contribu-
tion of another exists, and might have been enforced in a
Court of Equity; as, also, might the right of one surety to
the benefit of an indemnity given by his principal to another
surety.

   The Act of 1807 (section 2094 of *The Code*) provides that
where one or more sureties have been compelled to satisfy
the contract of their principal, they may sue their co-sureties
for their ratable part of the debt paid for the principal.   And
it was held that a co-surety who pays the bond debt, for
which the other surety is equally bound, shall be deemed a
bond creditor in the administration of the estate of the
deceased co-surety.   *Howell* v. *Reams,* 73 N. C., 391.   And it
is broadly stated in Brandt on Suretyship, *supra,* that, " a
surety who pays his principal's debt is entitled to be subro-
gated to all the rights and remedies of the creditor against
his co-surety in the same manner as against the principal."
This is founded in reason and justice, and up to the adop-
tion of our present Constitution was enforced in the Courts
of Equity.   Article IV, section 1, of the Constitution abolished
the distinction between actions at law and suits in equity,

leaving such rights and remedies to be enforced in the one Court, which theretofore had administered simply legal rights.

In *Rice* v. *Hearn*, 109 N. C., 150, where a co-surety, who paid the amount due upon a judgment against his principal, himself and the other surety, had the whole judgment assigned to a trustee for his benefit, in order the more easily to obtain contribution from his co-surety, this Court, through MERRIMON, C. J., pronounced this assignment a legitimate transaction; and when the trustee attempted to assign the judgment for value to a third party, it was held that the surety for whose benefit it was assigned could compel a due observance of his equitable rights, and have the judgment marked satisfied.

It would not have been improper for the defendant William Grant, in this case, to have the whole judgment assigned to the trustee for his benefit, as the same could only have been enforced in his favor as against his co-surety Capehart for his *pro rata* liability. The same end is accomplished by the satisfaction of one-half of the judgment and the assignment to a trustee of the other half for his benefit, as against his co-surety. This Court, exercising its equitable jurisdiction, will see that he retains no further security than would cover the *pro rata* part, for which he is entitled to contribution. Thus, he is afforded now just the same relief as he would have had under the former system. Principles are preserved without the necessity of resorting to different Courts.

Any question as to the effect of satisfaction of the judgment being entered of record is taken away by the action of the Court at a subsequent term, in amending the record by striking out the entry of satisfaction. This order has been certified from the Court below, and made part of the record here, without objection being made thereto, and, we presume, by the consent of all parties.

Error. New trial.