## B. R. BROWNING v. J. R. PORTER.

*Claim and Delivery—Chattel Mortgage—Lien—Payment of Note by Surety—Discharge of Debt and Lien Securing it.*

1. Payment of a note by a surety without having it transferred to a trustee for his benefit is a discharge of the debt and an extinguishment of a lien by which it was secured; therefore,

2. Where V, a surety on a purchase money note for a horse, retaining title and duly recorded, paid it and did not have it transferred to a trustee for his benefit, and the principal debtor after mortgaging the horse to another person delivered it to V, the mortgagee has a first lien and is entitled to possession.

ACTION of CLAIM AND DELIVERY, tried at March Term, 1894, of HALIFAX Superior Court, before *Graves, J.*, on an agreed statement of facts as follows:

"On November 19, 1887, one P. G. Solomon purchased a bay mare from W. M. Perkins, Jr., for the sum of one hundred dollars. Said mare was named "Sally Morgan," and in payment therefor he executed his note under seal, with one L. Vinson as surety for said amount, payable the 1st of November, 1888, bearing interest at 8 per cent. from date. Said note retained title to the mare until the whole of the purchase money was paid, and was duly recorded in the office of the Register of Deeds on March 30, 1888, in Book 81, p. 231.

BROWNING *v.* PORTER.

. "On December 7, 1888, the surety Vinson, upon a demand from said Perkins, paid Perkins $50, and the same is credited upon the note.

"Thereafter Perkins transferred the note to C. W. Garrett & Co., and on November 9, 1889, Garrett & Co., transferred the note without recourse to Vinson, the surety. Said Solomon paid nothing on the note.

· "Solomon failed to pay Vinson anything whatever on the note, and afterwards delivered to him the said mare under said note, retaining title, and thereafter he sold the mare to one G. F. Matthews for the sum of $45, and Matthews sold her to the defendant for $50, and she is now in the possession of the defendant.

"On February 6, 1889, the said Solomon, to secure certain advances to be made to him by the plaintiff to the amount of $80, to be made during the year 1889, executed to said plaintiff a lien and chattel mortgage, conveying one red cow, one single horse-cart, one bay mare, white face, named 'Sally Morgan,' valued at $50. No part of said advances has been paid. The mortgage was duly recorded on February 14, 1889, in Book 85, page 377, in the office of the Register of Deeds. .

"At the time of the execution of said chattel mortgage to the plaintiff said Solomon had the possession of the said mare."

The Court adjudged that the plaintiff recover of the defendant the possession of one bay mare, "Dolly Morgan," and in case possession of said mare could not be had, then for the sum of $50, with interest from the 27th day of December, 1893, till paid, and for costs of action.

From this judgment the defendant appealed.

*Mr. S. G. Daniel* and *McRae & Day,* for plaintiff.
No counsel for the defendant (appellant).

JOHNSON v. GOOCH.

AVERY, J.: When the surety Vinson paid the note in full on the 9th of November, 1887, and failed to have it assigned to a trustee for his benefit, the debt was discharged. *Peebles v. Gay*, 115 N. C., 38; *Lyles v. Rogers*, 113 N. C., 197, and authorities there cited. The satisfaction of the debt extinguished the vendor's lien, and the legal estate in the horse, at the time, in the possession of Solomon, vested in his mortgagee, who had then a first lien on it, and, on breach of the condition, the right to recover the possession of the horse, as he seeks to do in this action.

The judgment of the court below is affirmed.

Affirmed.