WILLIAM A. DUNN, Receiver of the Clinton Loan Association *et al.* v. MITTIE R. BEAMAN, Administratrix *c. t. a.* of JOHN R. BEAMAN, Sr., *et al.* Heirs and Devisees.

(Decided May 29, 1900.)

*Proceeding by Creditors—The Code, Section 1448—Finding of Fact by Referee When Conclusive.*

(*In re.* Claim of M. J. Hobbs, Appeal by Hobbs.)

A finding of fact, of which there is evidence, made and reported by the referee, and approved by the Judge, is conclusive on appeal.

CREDITOR's BILL, instituted under The Code, sec. 1448, by creditors of the estate of John R. Beaman, Sr., deceased, heard before *Timberlake, J.,* at April Term, 1899, of SAMPSON Superior Court upon exception to report of referee. The

exceptions were overruled and the report confirmed. M. J. Hobbs claimed to be a creditor of the estate, as assignee of a judgment, to the amount of $516.88, rendered in favor of the Clinton Loan Association against the firm of John R. Beaman, J. A. Farrell and T. M. Farrell. The referee found upon evidence that the claim had been adjusted, and reported so, and the report was confirmed. M. J. Hobbs excepted and appealed.

*Messrs. Stevens & Beasley,* and *Geo. E. Butler,* for appellant.

*Messrs. H. G. Connor & Son,* and *R. O. Burton, contra.*

CLARK, J. This was a proceeding by a creditor under Code sec. 1448, to compel an account and settlement of the estate of John R. Beaman. The claim of M. J. Hobbs, the appellant, was No. 17, as numbered by the referee. The appellant, Hobbs, contended that he was assignee of a judgment which had been rendered against a firm composed of John R. Beaman, J. A. Ferrell and T. M. Ferrell. The referee found that Hobbs paid no money to the plaintiff in the execution, but that said money was "really, though not directly, paid to plaintiff by the judgment debtors, J. A. and T. M. Ferrell." This finding of fact was approved by the Judge. There being evidence tending to support the finding it is conclusive on appeal. Clark's Code, sec. 422 (3d Ed.), and cases cited. The conclusion of law follows that the claim of M. J. Hobbs was extinguished and properly disallowed. Whatever balance, if any, is due the Ferrells on a settlement of their partnership accounts against John R. Beaman could be proven against Beaman's estate in this action, if not barred by the statute of limitations. This is not the case of a surety paying the debt of a principal, and if it had been, the judg-

ment was extinguished because it was not assigned to a trustee for the benefit of the surety. *Browning v. Porter,* 116 N. C., 62.

No error.