## PATTON v. COOPER.

(Filed June 6, 1903.)

JUDGMENTS—*Assignments—Payment—Notice—Mortgages.*

> Where a judgment against a principal and the sureties on a note is paid by the sureties, and an assignment thereof is made to a trustee for the benefit of the sureties, but by a mistake payment is entered on the judgment record which is afterwards corrected by the entry thereon of the assignment, a person taking a mortgage on the property of the judgment debtor, after the assignment is entered on the record, takes with notice of the assignment.

ACTION by T. T. Patton and others against M. D. Cooper and others, heard by Judge *W. B. Councill,* at Fall Term, 1902, of the Superior Court of TRANSYLVANIA County.

Appeal from Councill, J., Transylvania Superior Court. By consent the judge found the facts, those material to this appeal being as follows: In November, 1896, the defendants, M. D. Cooper and W. L. Aiken, endorsed a note as sureties for the makers thereof, J. H. Zachary and M. G. Jones (the latter now deceased) payable to W. H. Faulkner twelve months after date. Said Faulkner soon after its execution endorsed said note to a bank which, upon failure to pay the note at maturity obtained judgment thereon against Zachary, Aiken, Cooper and the administratrix of Cooper in the Superior Court of Transylvania in April, 1898, and the judgment was duly docketed 19 April, 1898, for $357.57 and costs, of which $330 was principal money. The following entries appear on the judgment docket: "Received on this judgment from M. D. Cooper $186.20. This 27 October, 1898. W. B. Duckworth, Atty." "Received on this judgment $185.72 from W. L. Aiken. This 27 December, 1898. W. B. Duckworth, Atty. for plaintiff." (And at same time the clerk receipted for the costs.) "We hereby assign this judgment in case of State Bank of Commerce against Omega

Jones, administratrix of M. G. Jones, J. R. Zachary et al., to Z. W. Nichols, as trustee, for collection for the benefit of M. D. Cooper and W. L. Aiken, without any recourse on us either in law or equity. This 23 February, 1899. State Bank of Commerce, per J. A. Maddrey, Cashier." "Received of M. D. Cooper $3.00, being balance due on this judgment. This 18 March, 1899. W. B. Duckworth, Atty." On 25 August, 1899, appears on the docket an assignment by W. L. Aiken to M. D. Cooper of all his "right, title and interest" in said judgment. Execution was issued October, 1899, again in November, 1899 (which was returned uncollected, homestead laid off, report of appraisers filed), and in June, 1900. The judge further finds as facts that "M. D. Cooper and W. L. Aiken paid said judgment to W. B. Duckworth, attorney for State Bank of Commerce, at the times and in the amounts shown by said record, with the distinct understanding and agreement with said Duckworth, attorney for said bank, and also with the officers of said bank, that said judgment should be assigned to a trustee for the use and benefit of said Cooper and Aiken as sureties and that no part of the money paid by Cooper and Aiken on the said judgment has ever been repaid to them by Zachary or the administratrix of Jones (the makers of the note) or any one else."

In April, 1900, J. R. Zachary executed to the plaintiff, T. T. Patton, a mortgage for $1,133.35 on a certain tract of land of thirteen acres in Transylvania County and in the same month a trust deed to W. A. Smith, trustee for R. H. Lowndes (Zachary's wife joining in) to secure $825, money then borrowed, this last mortgage covering the homestead of said Zachary and other lands not included in the homestead. J. R. Zachary was seized in fee of all the lands embraced in both mortgages at the time of the docketing of aforesaid judgment and continuously since. Before taking said mort-

PATTON v. COOPER.

gage and trust deed, said Patton, Lowndes and Smith caused the judgment docket to be examined by counsel and aforesaid entries thereon were reported to them and they had full knowledge thereof and their counsel advised them that the judgment was satisfied. The judge further finds that W. B. Duckworth, attorney for said bank, entered aforesaid receipts on the docket without the knowledge of Cooper and Aiken and without any intention of said Duckworth to discharge said judgment, but intending when the said judgment was paid in full to have the same transferred to a trustee for the benefit of said Cooper and Aiken, pursuant to his agreement. Neither the note, judgment nor record disclose the fact that Cooper and Aiken endorsed the note as sureties, but such was the fact. Said Cooper caused the execution issued in June, 1900, to be levied on the lands of J. R. Zachary not set apart as his homestead, and also on the excess of the homestead tract outside of the homestead, the lands so levied upon being embraced in aforesaid mortgage to Patton and trust deed to Smith, trustee for Lowndes. This action is brought to restrain a sale under aforesaid execution and upon the facts found his Honor granted a perpetual injunction, from which order M. D. Cooper appealed.

No counsel for the plaintiff.
*George A. Shuford* and *W. J. Peele* for the defendant.

CLARK, C. J., after stating the facts. The receipts entered on docket 27 October and 27 December, 1898, unexplained would have been a satisfaction of the judgment except as to the $3 afterwards paid and entered 18 March, 1899. But the subsequent purchasers, the mortgagees of the judgment debtor, who are the plaintiffs herein, were fixed with notice of any facts appearing further upon the judgment docket or of which they were put upon inquiry by such entries. Their

mortgage and trust deed were not taken till April, 1900, and
they found, for they properly had the judgment docket
searched, that on 23 February, 1899, the plaintiff in the
judgment had assigned said judgment to Z. W. Nichols in
trust for collection for the benefit of M. D. Cooper and W.
L. Aiken without recourse. The judgment roll, if examined,
would have shown that these were endorsers on the note upon
which the judgment had been taken and reasonable inquiry
would have elicited the fact that they were sureties, that said
assignment had been made to a trustee to keep the judgment
lien alive for their benefit (*Rice v. Hearn,* 109 N. C., 150),
and that the previous receipts entered on the docket by Duck-
worth, attorney for the plaintiff, had been made by inadver-
tence and contrary to the agreement made between the bank
and said sureties, who were not responsible for Duckworth's
erroneous entry. Had the plaintiffs herein been purchasers
for value or mortgagees, with no other notice than said entries
of payment, they would have taken a good title. But subse-
quent to such entries the assignment of the judgment by the
bank to a trustee for the benefit of the sureties had been en-
tered on the docket and they took with full knowledge and
were thus put on inquiry as to the nature of the payment and
the relation of Cooper and Aiken to the liability. *Peebles v.
Gay,* 115 N. C., 38; 44 Am. St. Rep., 429. Upon the facts
found the injunction should have been dissolved.

The judgment below is

Reversed.