HENRY L. INGRAM, JR., SUBSTITUTED TRUSTEE, PLAINTIFF V. NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANT.

(Filed 1 February 1963.)

**1. Negligence § 9;    Torts § 6—**

Where one of two tort-feasors is liable to the injured party for the active negligence of the other solely by reason of constructive or technical fault imposed by law, as under the doctrine of *respondeat superior,*

the tort-feasor whose liability is secondary, upon payment by him of the injured party's recovery, is entitled to indemnity against the primary wrongdoer.

**2. Insurance § 65.1—**

Where the tort-feasor secondarily liable is entitled to indemnity against insured, who is primarily liable, the obligation of insured for indemnity ordinarily comes within the coverage of a policy of public liability insurance.

**3. Judgments §§ 45, 47—**

If a tort-feasor secondarily liable pays the judgment and has it cancelled of record or has it assigned to himself, the judgment is extinguished; but if he has the judgment assigned to a trustee, he is subrogated to the rights of the judgment creditor, and the trustee may maintain an action for indemnity without joining his *cestui que trust*. G.S. 1-63.

**4. Insurance § 65.1—**

The trustee to whom a judgment is assigned for the benefit of one of the tort-feasors paying the injured party, may not sue the insurer in a policy of public liability insurance issued to the other tort-feasor unless he alleges that his *cestui que trust* is entitled to indemnity and that the right to indemnity had been determined according to the provisions of the policy, and a complaint failing to set forth such right of indemnity fails to state a cause of action against insurer.

**5. Pleadings § 19—**

An action should not be dismissed upon demurrer unless the allegations of the complaint affirmatively disclose that plaintiff has no cause of action against defendant, since if there is a defective statement of a good cause of action the plaintiff is entitled to move to amend if so advised. G.S. 1-131.

APPEAL by plaintiff from *Olive, J.,* April 1962 Term of RANDOLPH.

Action to recover benefits under an automobile liability insurance policy.

The complaint, summarized in part and verbatim in part, is as follows:

On 24 February 1958 a motor vehicle, owned by W. C. Garner and being operated by H. F. Garner on Highway 211 in Moore County, collided with a vehicle in which Reece Trotter was riding, and Trotter was injured. Trotter sued the Garners in the Superior Court of Randolph County and "recovered judgment against both defendants in the sum of $35,000." The Garners did not appeal. W. C. Garner's liability insurance carrier (Harleyville Mutual Insurance Company), "because at the time of the accident Henry Fletcher (H.F.) Garner was operating the motor vehicle with the implied consent" of W. C. Garner, defended the action and paid $10,000 (the limit of its lia-

bility) to Trotter on the judgment. W. C. Garner also paid Trotter $10,000 on the judgment, and the "judgment was assigned according to the provisions of G.S. 1-240" to a trustee. Because the trustee originally named could not serve, Henry L. Ingram, Jr., was substituted, he having been "named and appointed by the beneficial owner of said judgment" to act as trustee. Ingram, trustee, is the plaintiff in this action. At the time of the accident an automobile liability insurance policy, issued by Nationwide Mutual Insurance Company to H. F. Garner, was in full force and effect. Nationwide is the defendant in this action. "This policy was issued to cover a truck owned by Henry Fletcher Garner and also provided coverage to pay on behalf of Henry Fletcher Garner all sums (not to exceed $10,000 for one injured person) for which he shall become legally obligated to pay as damages because of: (Coverage E) bodily injury liability — Automobile." A copy of this policy is made a part of the complaint. Nationwide denied coverage, declined to defend the Trotter action, and refused to pay the $10,000 "bodily injury liability" on the Trotter judgment in behalf of H. F. Garner. H. F. Garner "was not using the motor vehicle of . . . William Curtis (W. C.) Garner 'in the business or occupation of the named insured' at the time of the injury to . . . Trotter, as claimed by" Nationwide. H. F. Garner was a sawyer, and at the time of the accident "was travelling to the saw-mill of William Curtis Garner in order to engage in his occupation of sawyer. He had no duty to drive this truck and he was not receiving any pay for driving this truck." And "according to the provisions of G.S. 1-240 said judgment remains unsatisfied against . . . Henry Fletcher Garner, who has paid nothing on the judgment and on whose behalf Nationwide . . . has paid nothing on said judgment." Plaintiff is entitled to have recourse to the proceeds of the Nationwide policy "in the amount of $10,000 to be applied in payment on said judgment."

Defendant Nationwide demurred to the complaint on the grounds that it fails to state facts sufficient to constitute a cause of action, and there are defects in parties plaintiff and defendant. The demurrer was sustained and the action dismissed. Plaintiff appeals.

*John Randolph Ingram for plaintiff, trustee.*
*Coltrane and Gavin for defendant.*

MOORE, J. Plaintiff states in his brief that "this is not an action to secure contribution of a joint tort-feasor's proportionate part of a payment on a Judgment . . .; it is an action to secure the entire proceeds available under defendant's insurance policy to be applied on

said Judgment as complete reimbursement of the . . . $10,000.00 . . . payment made by William Curtis Garner, who was responsible on this judgment only through Henry Fletcher Garner. . . ." In other words, plaintiff maintains that the complaint states a cause of action to require Nationwide, under the terms of the automobile liability insurance policy issued by it to H. F. Garner, to pay $10,000 for reimbursement of W. C. Garner for the $10,000 he personally paid on the judgment. This assertion embraces the theory that W. C. Garner is entitled to indemnity from H. F. Garner.

"Where two persons are jointly liable in respect to a tort, one being liable because he is the active wrongdoer, and the other by reason of constructive or technical fault imposed by law, the latter, if blameless as between himself and his co-tortfeasor, ordinarily will be allowed to recover full indemnity over against the actual wrongdoer." *Hayes v. Wilmington,* 243 N.C. 525, 543, 91 S.E. 2d 673. For example, where liability has been imposed on the master because of the negligence of his servant, and the master did not participate in the wrong and incurs liability solely under the doctrine of *respondeat superior,* the master, having discharged the liability, may recover full indemnity from the servant. *Gadsden v. Crafts & Co.,* 175 N.C. 358, 363, 95 S.E. 610; *Smith v. Railroad,* 151 N.C. 479, 66 S.E. 435. It was alleged that Trotter's judgment was assigned to plaintiff trustee pursuant to G.S. 1-240, but there is no right of indemnity by virtue of that statute. It provides only for *contribution* as between tort-feasors who are *in pari delicto* with respect to the same injury, but before that statute was enacted (1929), it was settled law that a tort-feasor whose liability was secondary, upon payment by him of the injured party's recovery, was entitled to indemnity against the primary wrongdoer. *Davis v. Radford,* 233 N.C. 283, 63 S.E. 2d 822; *Gregg v. Wilmington,* 155 N.C. 18, 70 S.E. 1070.

It is alleged that W. C. Garner's insurance carrier paid $10,000 (the limit of its policy) on the $35,000 judgment, W. C. Garner personally paid an additional $10,000, and the judgment was assigned to plaintiff trustee. Pursuing plaintiff's theory of the case we assume, though the complaint does not expressly allege, that the judgment plaintiff, Trotter, accepted W. C. Garner's payment in full compromise settlement of the balance of the judgment. In proper cases the right to indemnity, after judgment, is predicated entirely upon the discharge of the judgment debt. *Hodges v. Armstrong,* 14 N.C. 253.

When it has been established that one tort-feasor has incurred a legal obligation to indemnify another tort-feasor for payment by the latter of a judgment obtained against them by an injured party, it is

a type of obligation against which a public liability insurance policy ordinarily insures. The insurance policy in the instant case obligates Nationwide "to pay on behalf of insured all sums which the insured shall become legally obligated to pay as damages because of: Bodily injury . . . sustained by any person, arising out of the use . . . of . . . any non-owned automobile." Defendant Nationwide contends that it insures only against obligations arising out of insured's tortious use of an automobile causing injury to another, that the right to indemnity is based on contract implied in law and is not within the coverage of the insurance contract. It is true that we have said that the right of indemnity is not based on any theory of subrogation to the rights of the injured party. Further, that it is based upon a contract implied in law from the circumstance that the passively negligent tort-feasor has discharged an obligation for which the actively negligent tort-feasor was primarily liable. *Hunsucker v. Chair Co.,* 237 N.C. 559, 75 S.E. 2d 768. But defendant's contention is not sustained. The distinction is more apparent than real. In final analysis the obligation of defendant's insured to indemnify, if such obligation exists, stems from his wrongful conduct in the use of an automobile. The theory, contract implied in law, upon which indemnitee establishes his right to indemnity and to be subrogated to the rights of the judgment creditor with respect to the lien and certain incidents of the judgment, does not affect the nature of the transaction which gives rise to insured's obligation. The courts are divided on the question, but the great weight of authority is that liability for indemnity to a passively negligent tort-feasor ordinarily comes within the coverage of a public liability insurance policy. Most of the decided cases have arisen under circumstances in which the insured was compelled to pay indemnity and sued his insurer for reimbursement. The matter is summarized thus: ". . . public liability policies ordinarily are not confined to, and do not contemplate, indemnity only against direct actions by injured persons against the insured; rather, they cover losses which he may suffer by reason of being liable over to another who has been compelled to pay for damages to persons injured because of the negligence or wrongful act of the insured, or his agents, which resulted in such injuries being inflicted. In other words, the insured may sustain a loss from liability to the public on account of personal injuries caused by them, or their workmen, and such loss be brought within the terms of the policy by circuity of action, . . ." Couch, Cyclopedia of Insurance Law, Vol. 5, s. 1165 (b), pp. 4136-4137; *United States F. & G. Co. v. Virginia Eng. Co.,* 213 F. 2d 109, 63 A.L.R. 2d 1114 (4th Cir. 1954); *Board of Trade Livery Co. v. Georgia Casualty Co.,* 200

N.W. 633 (Minn. 1924); *Creem v. Fidelity & Casualty Co.*, 100 N.E. 454 (N.Y. 1912); *Fidelity & Casualty Co. v. Southern R. News Co.*, 101 S.W. 900 (Ky. 1907). Our Court is in accord with this principle. *R. R. v. Guarantee Corporation*, 175 N.C. 566, 96 S.E. 25; *Hamilton v. R.R.*, 203 N.C. 468, 166 S.E. 392.

Assuming for the moment that the complaint states facts sufficient to constitute a cause of action in accordance with plaintiff's contention, it is our opinion that the plaintiff trustee can maintain the action without joining W. C. Garner, his *cestui que trust*. It is a firmly established principle in this jurisdiction that if a judgment debtor, who has a right to indemnity as against another judgment debtor (of the same judgment), pays the judgment and has it cancelled of record or has it assigned to himself, the judgment is extinguished, notwithstanding intention. But if he has assignment made to a trustee for his benefit, the judgment remains in force. The trustee is subrogated to the rights of the judgment creditor with respect to the lien and other incidents of the judgment, for the benefit of his *cestui que trust*, and may at the request of the beneficiary cause execution to issue or otherwise enforce collection, according to the rights and interest of the beneficiary. *Burnett v. Sledge*, 129 N.C. 114, 39 S.E. 775; *Peebles v. Gay*, 115 N.C. 38, 20 S.E. 173; *Liles v. Rogers*, 113 N.C. 197, 18 S.E. 104; *Rice v. Hearn*, 109 N.C. 150, 13 S.E. 895; *Tiddy v. Harris*, 101 N.C. 589, 8 S.E. 227; *Hanner v. Douglass*, 57 N.C. 262; *Barringer v. Boyden*, 52 N.C. 187; *Hodges v. Armstrong, supra; Sherwood v. Collier*, 14 N.C. 380. The foregoing is subject to the rule that the payment in full by a judgment debtor operates as an absolute discharge of the judgment, notwithstanding that an assignment is made to a trustee to keep it alive, if the payor is not, aside from the assignment, entitled to contribution, subrogation or indemnity. 30A Am. Jur., Judgments, s. 1009, p. 867. Most jurisdictions do not require assignment to a trustee or third person on the reasoning that "where the right of subrogation exists an assignment is unnecessary, for that is supplied by equity." *Royal Indemnity Co. v. Becker*, 173 N.E. 194, 75 A.L.R. 1481 (Ohio 1930); *Muldowney v. Middleman*, 107 A. 2d 173 (Pa. 1954). An assignee of a judgment can maintain an action on it in his own name. *Moore v. Nowell*, 94 N.C. 265. The assignee of the injured party may maintain an action against the judgment debtor's insurer. *Roth v. General Casualty & Surety Co.*, 146 A. 202 (N.J. 1929); 85 A.L.R. 38. A trustee may sue in his own name, or he may join his *cestui que trust. Mebane v. Mebane*, 66 N.C. 334. ". . . (A) trustee of an express trust . . . may sue without joining with him the person for whose benefit the action is prosecuted." G.S. 1-63; *Chatham v. Realty Co.*, 180

N.C. 500, 105 S.E. 329; *Martin v. Mask*, 158 N.C. 436, 74 S.E. 343. Where a judgment is assigned to a trustee for the benefit of a judgment debtor, who is entitled to indemnity, the trustee may maintain the action for indemnity without joining the *cestui que trust*. *Searing v. Berry*, 11 N.W. 708 (Iowa 1882); *Brown v. Powers*, 65 N.Y.S. 733 (1900).

The subrogee of the injured party may sue the primary wrongdoer's insurance carrier, and the primary wrongdoer is not a necessary party to the action. *New York Casualty Co. v. Sinclair Refining Co.*, 108 F. 2d 65 (10th Cir. 1939).

Anyone for whose benefit an insurance policy is issued, covering the legal liability of the insured (as distinguished from a mere indemnity insurance contract), may maintain an action directly against the insurer. *Distributing Co. v. Insurance Co.*, 214 N.C. 596, 200 S.E. 411. The insured must sustain a loss before insurer is liable, and a beneficiary of the policy must comply with the conditions precedent to suit according to the terms of the policy before an action may be instituted against insurer. *Small v. Morrison*, 185 N.C. 577, 118 S.E. 12; *Newton v. Seeley*, 177 N.C. 528, 99 S.E. 347. It does not appear from the complaint that it has been judicially established that W C. Garner is entitled to indemnity from H. F. Garner. The policy issued by Nationwide provides that "No action shall lie against the Company unless, as a condition precedent thereto, . . . the amount of the insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the insured, the claimant and the Company." If as plaintiff contends this action involves indemnity as the sole right of recovery, and if it be determined judicially that no right of indemnity exists, then H. F. Garner is entitled to have the judgment cancelled and has incurred no obligation. The question of primary and secondary liability is for the offending parties to adjust between themselves (*Bowman v. Greensboro*, 190 N.C. 611, 130 S.E. 502), and neither is a party to this action. Futhermore, the policy provides that the insurance company may not be joined in an action to determine insured's liability. The question of primary and secondary liability could have been, and perchance was, determined in the Trotter action. Where two alleged tort-feasors are sued by the injured party, one may set up a cross-action against the other for indemnity and have the matter adjudicated in that action. *Green v. Laboratories*, 254 N.C. 680, 690, 120 S.E. 2d 82; *Gregg v. Wilmington, supra*. And where one who is secondarily liable is sued in tort, he may make the primary wrongdoer a party defendant and assert his right to indemnity and have the matter

adjudicated in the injured party's action. *Guthrie v. Durham*, 168 N.C. 573, 84 S.E. 859. See *Cheshire v. Wright*, 243 N.C. 441, 90 S.E. 2d 687, for issues submitted to determine the right to indemnity as between master and servant. Where one secondarily liable is sued, he may, after judgment, maintain a separate action against the primary wrongdoer for indemnity. *Gregg v. Wilmington, supra*. The complaint in the present action is defective in that it does not allege, as a condition precedent to the right to maintain the action, that the right to indemnity has been determined according to the provisions of the policy. Parenthetically, the facts alleged in the complaint are insufficient to show that a right to indemnity exists in favor of W. C. Garner.

It is not to be inferred from anything stated in this opinion that the provisions of the policy have been judicially construed with respect to the facts alleged. The allegations of the complaint are too indefinite for construction of the policy. The alleged facts are not sufficiently specific to show that plaintiff's claim comes within the policy coverage.

We have discussed this case only in the light of what plaintiff contends his cause of action is. There are many and varied questions we do not reach. In our opinion the complaint does not sufficiently state a cause of action on any grounds. The court below properly sustained the demurrer. But there was error in dismissing the action. When a demurrer is sustained, the action will be dismissed only if the allegations of the complaint affirmatively disclose that plaintiff has no cause of action against the defendant. *Lumber Co. v. Pamlico County*, 250 N.C. 681, 110 S.E. 2d 278.

The portion of the judgment sustaining the demurrer is affirmed, but the portion dismissing the action is stricken. If so advised, plaintiff may move to amend. G.S. 1-131.

Modified and affirmed.