FREDERICK L. SPEAR v. A. G. JOHNSON and Another.[1]

May 13, 1910.

Nos. 16,604—(76).

**Deposit in lieu of appeal bond — how obtained.**

The proper procedure to obtain money deposited with the court on an appeal in lieu of the statutory bond, under R. L. 1905, § 4366, is to apply to the court having jurisdiction of the fund for an order directing its application.

**Same.**

Either party may make such application.

**Right to execution.**

The successful party on such an appeal is not required, as a matter of law, to resort to the fund; but, if his judgment be not paid, he may proceed by execution to enforce it.

Action in the district court for Hennepin county against A. G. Johnson and A. W. Dreger, as sheriff, to set aside a levy and sale on execution. The facts are stated in the opinion. The case was tried before Donahue, J., who made findings and ordered judgment in favor of defendants dismissing the action. From the judgment entered pursuant to the order, plaintiff appealed. Affirmed, without statutory costs.

*Frederick L. Spear,* pro se.

*Bardwell & Levy,* for respondents.

BROWN, J.,

Defendant Johnson brought an action against plaintiff in the municipal court of Minneapolis, and recovered a judgment for $50 and costs. Defendant therein, plaintiff in this action, appealed from the judgment to this court, where an affirmance was ordered. 102 Minn. 516, 113 N. W. 1134. In lieu of a bond on that appeal,

[1]Reported in 126 N. W. 402.

defendant deposited, under R. L. 1905, § 4366, the sum of $250 in money with the clerk of the municipal court as security for the costs and disbursements which might be awarded against him in this court. On November 29, 1907, judgment was entered in this court upon the affirmance of the judgment appealed from against the appellant for the sum of $44.25 costs and disbursements. The judgment not being paid, plaintiff therein caused the issuance of an execution and delivered it to the sheriff of Hennepin county for collection on December 13, 1907. The sheriff levied upon certain real estate owned by the defendant, and subsequently sold the same, the plaintiff in that action being the purchaser, for the sum of $25.23, the exact amount of the costs on execution sale. The sheriff thereafter returned the execution unsatisfied. Plaintiff then brought this action to set aside the execution and sale thereunder upon the ground that the same were illegal and unauthorized. The precise point made is that the plaintiff in the former action could have gone to the clerk of the municipal court and there obtained from the appeal fund deposit an amount sufficient to pay the judgment for costs, and, having that right, the proceedings under the execution were illegal and void. After trial before the court below without a jury, the facts stated were found, and the action ordered dismissed, upon which judgment was entered, and plaintiff appealed.

Our statutes (R. L. 1905, § 4366) provide for a deposit of money in lieu of an appeal bond, but make no provision for the disposition of the money on the final determination of the appeal. No specific procedure being provided by which the party entitled to the money may demand and receive the same, we must apply the procedure appropriate in analogous cases. In cases where money is deposited with the court to abide the event of an action, the successful party may obtain the same by applying to the court for an order to the clerk directing its payment. 13 Cyc. 1038, and cases cited. The application being made upon notice, the rights of all parties will be protected, and the clerk, custodian of the money, relieved from responsibility. Such should be the procedure in cases like that at bar, where money in lieu of an appeal bond is deposited with the clerk.

It is the contention of plaintiff that defendant was required, as a matter of law, to resort to this deposit for the payment of his judgment, and that, by applying therefor to the court, he could have obtained it, and that he had no right to proceed to the enforcement of his judgment by execution.

While it is true that defendant could have satisfied his judgment by a resort to this fund, we cannot hold that he was required to do so. His judgment was valid, and, not having been paid, he had the undoubted option to adopt for its collection any method permitted by law. Plaintiff was the debtor in that action, and if he wished to avoid additional expense he could have paid the judgment, and upon a proper showing obtained from the court an order for the return of the deposit fund. But, if he wished that particular money applied in payment, he should have initiated proceedings for that purpose. We are clear that the defendant was not required, there being no statute to that effect, to resort to that particular fund, any more than he would be required to proceed against the bond on appeal.

The further contention of plaintiff that the sheriff could have levied upon the fund in the custody of the clerk as personal property, and that therefore he had no right to levy upon the land, is not sound. The money was in the custody of the law, and no levy could be made thereon. The only legal way in which the clerk could be compelled to surrender the money was by application to the court in the manner already stated, though no doubt he would have been justified in doing so by the consent or stipulation of the parties. But in the absence of such stipulation he is entitled for his protection to an order of the court.

Judgment affirmed. No statutory costs will be taxed.