R. A. HAMILTON v. SOUTHERN RAILWAY COMPANY AND SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 9 November, 1932.)

**Supersedeas B a: Torts B b—Joint tort-feasor paying judgment is entitled to contribution and supersedeas bond of other tort-feasor is liable.**

The provisions of a statute in force at the time of making a contract enter into and become a part of the agreement as if fully written therein, and where a judgment has been entered against two joint *tort-feasors* and supersedeas bonds with sureties have been executed to stay execution pending appeal, C. S., 630, the provisions of C. S., 618, will be construed as incorporated in the supersedeas bonds, and where the judgment against both *tort-feasors* has been affirmed on appeal and one of them pays the whole judgment and costs and demands that the judgment be transferred to a trustee for his benefit: *Held,* it is proper for the court, upon motion duly made after notice to all parties, to order that the *tort-feasor* paying the judgment be reimbursed in one-half the judgment and costs out of the funds deposited with the clerk by the surety on the supersedeas bond of the other *tort-feasor,* C. S., 650, and the provision in the bond of such other *tort-feasor* that it should be void upon payment of the judgment by either of the parties will not be given effect, and the order discharges the clerk from liability for the funds so deposited.

CONNOR, J., dissents.

APPEALS by defendants Seaboard Air Line Railway Company and National Surety Company, from *Harris, J.,* at July Term, 1932, of WAKE. Affirmed.

The order appealed from by the Seaboard Air Line Railway Company and National Surety Company, is as follows: "This matter came on to be heard before the undersigned resident judge of the Seventh Judicial District of the Superior Court of North Carolina, at chambers at Raleigh, North Carolina, at eleven-thirty o'clock a.m. on 27 August, 1932, pursuant to notice of motion given to all parties in this cause and

was heard on motion of the Southern Railway Company and John H. Andrews, trustee for the Southern Railway Company. After argument of counsel, it appeared to the court that the record in this cause disclosed that the Southern Railway Company has paid the total amount due to plaintiff in this cause, together with the total costs accrued and has demanded assignment of judgment to the trustee for the Southern Railway Company, and upon such demand judgment in this cause was transferred and assigned by R. A. Hamilton, plaintiff, to John H. Andrews, trustee for the Southern Railway Company in accordance with the provisions of Consolidated Statutes, 618; and that the record discloses that the clerk of Superior Court of Wake County has in his hands and possession the sum of more than $20,000 deposited with him by the defendant, National Surety Company, in lieu of a supersedeas bond on the former appeal, and that the application of this fund has been ordered and directed to the satisfaction of the judgment in this cause. Now, therefore, upon motion of Messrs. Smith & Joyner, attorneys for John H. Andrews, trustee for the Southern Railway Company, and attorneys for the Southern Railway Company, it is ordered, adjudged and decreed: (1) That the clerk of the Superior Court of Wake County be, and he is hereby authorized and directed to pay to John H. Andrews, trustee for the Southern Railway Company, out of the funds of the National Surety Company now in his hands, an amount equal to one-half of the principal judgment entered in this cause and 6 per cent interest on said one-half of said judgment from 25 November, 1929, until the date of such payment by the clerk. (2) That the clerk of the Superior Court of Wake County be, and he is hereby authorized and directed to pay to John H. Andrews, trustee for the Southern Railway Company, out of the money of the National Surety Company now in his hands an amount of money equal to one-half of the court costs which have accrued in this cause of action and which have been paid. (3) That the clerk of the Superior Court of Wake County be, and he is hereby authorized and directed to pay to the National Surety Company the balance of said deposit made with him by the National Surety Company after the application and payments as hereinbefore directed in this order. Signed at Raleigh, this 27 August, 1932. W. C. Harris, judge."

To the foregoing order the National Surety Company and Seaboard Air Line Railway Company excepted, assigned error and appealed to the Supreme Court.

*Smith & Joyner for John H. Andrews, trustee for Southern Railway Company and Southern Railway Company.*

*Murray Allen for Seaboard Air Line Railway Company.*

*S. Brown Shepherd for National Surety Company.*

CLARKSON, J. The appeal by the Seaboard Air Line Railway Company and National Surety Company will be considered as one. They involve practically the same questions of law. The defendants railroads were sued as joint *tort-feasors* and judgment for plaintiff, R. A. Hamilton, was recovered against both in the Superior Court of Wake County, North Carolina, and they both appealed to this Court and this Court found no error in the judgment. *Hamilton v. R. R.*, 200 N. C., 543. A writ of *certiorari* to the Supreme Court of the United States was denied on 19 October, 1931. The case came here again, on appeal taken to this Court by the plaintiff, R. A. Hamilton, against the Seaboard Air Line Railway Company and the National Surety Company, *ante*, pp. 136 and 140-1. The facts, in part, on that appeal: "(1) The Seaboard Air Line Railway Company on appeal from the Superior Court to the Supreme Court of North Carolina, gave supersedeas bond with the National Surety Company, as surety in the sum of $36,000. The provision is as follows: *'Now, if the said defendants, or either of them,* shall pay to the said plaintiff the amount directed to be paid by said judgment, or the part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages and costs which shall be awarded against the said appellants upon said appeal, *this obligation to be null and void;* otherwise to be and remain in full force and effect.' (2) The Southern Railway Company on appeal to the Supreme Court of North Carolina, gave supersedeas bond with the United States Fidelity and Guaranty Company, as surety in the sum of $36,000. The provision is as follows: 'Now, if the said Southern Railway Company shall pay the amount it is directed to pay by the said judgment, if affirmed or appeal dismissed, or that part of the said judgment that may be affirmed, and all damages, which may be awarded against the appellant upon said appeal, then this obligation to be void; otherwise to remain and be in full force and virtue in law.' . . . After judgment was rendered against the Seaboard Air Line Railway Company, on appeal by it to the Supreme Court of North Carolina, and before decision was rendered, it became insolvent and receivers were appointed for it on 23 December, 1930, in the United States District Court for the Eastern District of Virginia." (Italics ours.) *Hamilton v. R. R., ante*, at p. 137.

In that case this Court reversed the judgment of the court below, and said, in part: "The questions involved in this appeal are (1) As to whether or not the Southern Railway Company was entitled to an order staying execution against it. (2) As to whether or not the United States Fidelity and Guaranty Company, surety upon the supersedeas bond of said Southern Railway Company, was entitled to an order staying issuance of execution against it. (3) *As to whether or not the*

*National Surety Company, surety upon the supersedeas bond of Seaboard Air Line Railway Company, was entitled to a stay of execution against it. All the questions must be answered in the negative.* . . . The judgment signed by Small, J., in conformity with the opinion of the Supreme Court was against the *Southern and Seaboard Air Line Railway Companies, and their sureties.* All are bound to plaintiff and the *joint defendants, tort-feasors,* must contribute. C. S., 618, provides that when payment is made by one of several joint *tort-feasors,* then transfer is to be made to a trustee for payor, etc. We can see no reason for holding up the collection of plaintiff's judgment while the defendants, *joint tort-feasors, litigate between themselves. By paying the whole judgment, the Southern Railway Company, under C. S., 618, can lose no right it has against the Seaboard Air Line Railway Company, or its surety, the National Surety Company.* The surety, the National Surety Company, is a party to the judgment and bound thereby and *cannot now raise the question of its liability* to the defendant Southern Railway Company, when it pays said judgment in full and requires the transfer of said judgment of plaintiff to a trustee by virtue of the provision of C. S., 618. The judgment below is reversed." (Italics ours.)

The National Surety Company contends that the provision of its bond is as follows: *"Now if said defendants, or either of them,* shall pay to the said plaintiff the amount directed to be paid by said judgment, or the part of such amount as to which the judgment shall be affirmed, . . . *this obligation to be null and void."* That on account of the wording of its bond, making it conditioned upon the payment by the Seaboard Air Line Railway Company, *or* the Southern Railway Company, that the National Surety Company bond is null and void, as the Southern Railway Company has paid the judgment. We cannot so hold. The position is untenable in law or morals. The Surety Company overlooks the opinion of this Court before recited and the well settled principle of law applicable in this and other jurisdictions, which is as follows: "It is also settled that the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of a contract, as if they were expressly referred to or incorporated in its terms. This principle embraces those which affect its validity, construction, discharge, and enforcement." *Von Hoffman v. City of Quincy,* 4 Wall., 535; *Bateman v. Sterrett,* 201 N. C., at p. 62. *Farmers & Merchants Bank v. Federal Reserve Bank,* 262 U. S., at p. 660; *Electric Co. v. Deposit Co.,* 191 N. C., at p. 658; *Supply Co. v. Plumbing Co.,* 195 N. C., at p. 635.

When the National Surety Company signed the supersedeas bond for the Seaboard Air Line Railway Company, the following statute entered into and formed a part of it, and was incorporated in its terms: C. S., 618, in part: "In all cases in the courts of this State wherein judgment has been or may hereafter be, rendered against two or more persons or corporations, *who are jointly* and severally liable for its payment either as joint *tort-obligors or joint tort-feasors,* the same has not been paid by all the judgment debtors by each paying his proportionate part thereof; *if one of the judgment debtors shall pay the judgment creditor,* either before or after execution has been issued, the amount due on said judgment, and shall at the time of paying the same, *demand that said judgment be transferred to a trustee for his benefit,* it shall be the duty of the judgment creditor or his attorney to transfer without recourse *such judgment to a trustee for the benefit of the judgment debtor paying the same;* and a transfer of such judgment as herein contemplated *shall have the effect of preserving the lien of the judgment and of keeping the same in full force as against any judgment debtor who does not pay his proportionate part thereof to the extent of his liability thereunder in law and in equity,"* etc. (Italics ours.) *Peebles v. Gay,* 115 N. C., at p. 41; *Fowle v. McLean,* 168 N. C., at p. 542; *Davie v. Sprinkle,* 180 N. C., at p. 582.

In the *Hamilton appeal, supra,* the Court said: "By paying the whole judgment, the Southern Railway Company, under C. S., 618, can lose no right it has against the Seaboard Air Line Railway Company or its surety, the National Surety Company."

In accordance with the decision in the above case, premised on the statute, *the Southern Railway Company paid the whole judgment against it and the Seaboard Air Line Railway Company, joint tort-feasors,* and did as this Court said it had a right to do under the statute and transferred and assigned the judgment to John H. Andrews, trustee, for Southern Railway Company. Further John H. Andrews, trustee for payor, Southern Railway Company, and the Southern Railway Company contends: "It is a matter of record in this Supreme Court that upon the former appeal the Southern Railway filed a petition alleging that the National Surety Company held specific collateral from the Seaboard adequate to protect the National Surety Company. This allegation was not denied by any pleading or affidavit by the Seaboard Air Line or by the National Surety Company. It has not yet been denied by counsel for the Seaboard Air Line or for the National Surety Company. It must stand as an admitted fact."

There can be no question as to the liability of the Seaboard Air Line Railway Company, nor as to the National Surety Company; the latter has in its possession the collateral to pay this very liability, and the

two now combine in an attempt to defeat its just obligation. The National Surety Company, on its former appeal (*ante,* 140), in lieu of the bond made a cash deposit of $20,000 with the clerk of the Superior Court of Wake County, North Carolina. "It is ordered that execution upon said judgment against National Surety Company be and the same is hereby stayed pending said appeal upon said National Surety Company depositing with the clerk of the Superior Court of Wake County the sum of $20,000 in lieu of supersedeas bond."

The order, on this aspect, in the court below, which is now appealed from, is as follows: "That the clerk of the Superior Court of Wake County be, and he is hereby authorized and directed to pay to John H. Andrews, trustee for the Southern Railway Company, out of the money of the National Surety Company now in his hands an amount of funds equal to one-half of the principal judgment entered in this cause and 6% interest on said one-half of said judgment from 25 November, 1929, until the date of such payment by the clerk."

In Southerland, Damages, Vol. 2 (4th ed.), under "Appeal and Supersedeas Bonds," it is written, part sec. 531, p. 1765: *"In other words, the surety undertakes to pay the judgment if the condition of the bond is not fulfilled. That obligation attaches by virtue of the affirmance of the judgment. The judgment creditor is not bound to proceed against the judgment debtor, and the sureties have no right to have proceedings against them stayed until attached lands of their principal are sold. The obligee may elect which of the sureties he will proceed against or what security he will resort to for the satisfaction of his judgment.* . . . On the receipt of the mandate affirming the judgment, with interest from its date and costs, on entering a summary judgment against the sureties it should be for the amount of the original judgment, with interest and costs; the interest should not be computed to date and judgment entered for the full amount." (Italics ours.)

C. S., 630, is as follows: "Writ of *certiorari,* recordari, and supersedeas are authorized as heretofore in use. The writ of *certiorari* and recordari, when used as substitutes for an appeal, may issue when ordered upon the applicant filing a written undertaking for the costs only; but the supersedeas, to suspend execution, shall not issue until an undertaking is filed *or a deposit made to secure the judgment sought to be vacated, as in case of appeal where execution is stayed."*

C. S., 650, in part, is as follows: "Whenever it is necessary for a party to an action or proceeding to give a bond or an undertaking with surety or sureties, *he may, in lieu thereof, deposit with the officer into court money to the amount of the bond or undertaking to be given."*

In *Spear v. Johnson* (111 Minn., 74), 126 N. W., at p. 402, the following is written: "In cases where money is deposited with the court to

abide the event of an action, the successful party may obtain the same by applying to the court for an order to the clerk directing its payment. 13 Cyc., 1038, and cases cited. The application being made upon notice, the rights of all parties will be protected, and the clerk, custodian of the money, relieved from responsibility. Such should be the procedure in cases like that at bar, where money in lieu of an appeal bond is deposited with the clerk."

The appellant, National Surety Company, citing numerous authorities, says: "The contract as written, and not otherwise, fixed the rights and determines the liability of the surety."

This is ordinarily true, but the position absolutely ignores the well settled rule that the statute (C. S., 618) enters into and becomes a part of the contract, so the contention of appellant Surety Company that under the terms of its contract the Surety Company bond is secondarily liable and upon payment by the Southern Railway Company the bond is discharged, cannot be sustained, as the payment was under C. S., 618. We see no impairment of contract. The judgment was transferred under the statute (C. S., 618) and in accordance with the former opinion of this Court. The contention that the National Surety Company is not liable for the payment of its proportionate part thereof, half of this judgment, and Judge Harris had no jurisdiction, is without merit. The fund was in *custodia legis,* and the court had the right and power, and it was its duty to make the order. For the reasons given, the judgment of the court below is

Affirmed.

CONNOR, J., dissents.